IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SONYA HESTERLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 06-3206-CV-S-RED |
| | ) | |
| **ROYAL CARIBBEAN CRUISES, LTD.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Now before the Court are Defendant's Motion to Dismiss or Transfer (Doc. 7-1), Suggestions in Opposition of Defendant's Motion to Dismiss or Transfer Venue (Doc. 11-1), Plaintiff's Supplemental Suggestions in Opposition to Defendant's Motion to Dismiss or Alternatively Transfer Venue (Doc. 16-1), and Royal Caribbean's Reply in Support of Motion to Dismiss or Transfer (Doc. 18-1). For the following reasons, the Court finds that Defendant's Motion to Dismiss or Transfer (Doc. 7-1) is due to be **GRANTED**.

I. Statement of Facts

In late October 2005, Plaintiff Sonya Hesterly ("Hesterly") purchased a ticket for a cruise on Defendant Royal Caribbean Cruises' ship, Radiance of the Seas. Hesterly purchased the ticket through a travel agent, Great Southern Travel, in Springfield, Missouri. In early December 2005, Royal Caribbean mailed Hesterly's cruise ticket booklet, containing the cruise ticket as well as the cruise ticket contract, to Great Southern Travel.

The cruise ticket booklet[1] is a multi-page leaflet that contains a customer's cruise ticket,

---

[1]Neither party presented the actual ticket booklet issued to Hesterly. However, Royal Caribbean provided to the Court photocopies of the booklet cover page, table of contents, and sections 11 and 12 of the cruise ticket contract along with the affidavit of Ivette Gari stating the

the cruise ticket contract, the travel itinerary, a boarding checklist, port information, and guest clearance forms. The cover page of the booklet includes a notice on the lower right-hand corner which reads "IMPORTANT NOTICE TO GUESTS" and includes the following statement: "Your Cruise Ticket Contract is contained in this booklet. The Contract contains important limitations on the rights of passengers. It is important that you carefully read all terms of the Contract, paying particular attention to Sections 11 and 12, and retain it for future reference." The first page of the booklet provides a Table of Contents identifying the exact pages of the booklet where the cruise ticket and cruise ticket contract are located. Within the booklet, the cruise ticket immediately precedes the cruise ticket contract. Passengers are required to sign the cruise ticket and cruise ticket contract before embarking the cruise ship.

Sections 11 and 12 of the ticket contract are printed in all capital letters; the sections surrounding these sections are written in ordinary type. Section 11 states:

> It is agreed by and between passenger and carrier that all disputes and matters whatsoever arising under, in connection with or incident to this contract shall be litigated, if at all, in and before a court located in Miami, Florida, U.S.A. to the exclusion of the courts of any other state, territory or country. Passenger hereby waives any venue or other objection that he may have to any such action or proceeding brought in any court located in Miami, Florida.

Hesterly embarked on the Radiance of the Seas on January 8, 2006, for a seven-day cruise. On January 9, 2006, one day after the ship left port, Hesterly tripped and fell as she was walking through one of the ship's doorways. As a result of the fall, Hesterly suffered injuries to her left leg. Hesterly subsequently filed her Complaint on May 16, 2006, in the United States District Court for the Western District of Missouri.

---

photocopies represent exemplars of pages from the ticket booklet provided to Hesterly.

2

Case 6:06-cv-03206-RED   Document 20   Filed 10/16/06   Page 2 of 8

II. Standard of Review

In this case, Royal Caribbean seeks to dismiss the action for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. In the alternative, Royal Caribbean requests the Court transfer this case to the United States District Court for the Southern District of Florida according to 28 U.S.C. § 1406(a).

Under Rule 12(b)(3) analysis, a district court need not accept the pleadings as true and may consider facts outside of the pleadings. *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). This analysis is consistent with the U.S. Supreme Court standard for resolving cases involving forum selection clauses. *Id.* Further, pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

III. Analysis

Royal Caribbean argues that due to the existence of a valid forum selection clause in the cruise ticket contract, Hesterly's action should either be dismissed or transferred to the United States District Court for the Southern District of Florida.

A cruise ticket contract is considered a maritime contract under federal admiralty law, *Archawski v. Hanioti*, 350 U.S. 532, 533 (1956); therefore, federal law governs the enforceability of the forum selection clause at issue in the instant case. In admiralty, forum selection clauses are considered *prima facie* valid unless it can be shown enforcement of the clause would be unreasonable and unjust or the clause is invalid due to fraud or overreaching. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1907). Hesterly has raised two arguments

3

as to why the forum selection clause is unreasonable and should not be enforced. First, Hesterly argues the forum selection clause was not reasonably communicated to her. Next, she argues enforcement of the forum selection clause would be unreasonable and unjust due to her physical impediments.

### A. Reasonable Communicativeness of the Forum Selection Clause

The "reasonable communicativeness" test is a two-prong test applied by courts to determine whether a shipowner has given reasonable notice of the ticket provisions to passengers. *See Coleman v. Norwegian Cruise Lines*, 753 F. Supp. 1490, 1495 (W.D. Mo. 1991). The test does not require the shipowner to design the best ticket or an ideal warning; it simply requires the shipowner to employ reasonable means with which to communicate the importance of the ticket provisions. *See id.* (quoting *Euland v. M/V Dolphin IV*, 685 F. Supp. 942, 946 (D.S.C. 1988)). "The burden of proof is on the carrier to show that it made a reasonable effort to warn its passengers of its liability limitations." *Id.*

The first prong of the test focuses on the manner in which the crucial language is presented. Several factors considered under this first prong include the placement and conspicuousness of any notice directing the passenger to the crucial provisions of the contract, where the provisions are located in relation to the rest of the ticket, and the size of the type used in both the notice and the crucial provisions. *Id.* In similar cases, courts have held that passengers are bound by liability limitations clauses, even though the passenger may not have read them, when the face of the ticket contract contains conspicuous notice directing the passenger's attention to the liability limitation clauses. *Id.* at 1495-96.

Here, the front cover of the cruise ticket booklet clearly announces an "IMPORTANT

4

NOTICE TO GUESTS" and states that the contract contains important limitations affecting the rights of passengers. The notice also reminds passengers of the importance of reading all terms of the contract and directs the passengers specifically to section 11 containing the forum selection clause. Moreover, the notice is set in a white box imposed over a picture of a cruise ship; there is little other writing on the front cover to distract the passenger from seeing the notice.

The forum selection clause at section 11 is found approximately ten pages into the ticket contract. While Hesterly argues the forum selection clause is "buried" in the cruise ticket booklet, the ticket contract is located immediately following the cruise ticket in the booklet. Because passengers must sign both the cruise ticket and the ticket contract before embarking the ship, passengers are required to locate the contract within the booklet. Further, section 11 of the ticket contract is printed in all capital letters; this stands in contrast to the preceding section printed in ordinary type. Thus, the conspicuousness of the notice on the front cover coupled with the size of the type of the forum selection clause contained in the ticket contract satisfy the first prong of the reasonable communicativeness test.

The second prong of the test considers the factors surrounding the purchase and retention of the cruise ticket. These factors include the passenger's familiarity with the cruise ticket, the time and incentive to study the provisions of the ticket contract, and any other notice the passenger may have received regarding the ticket contract provisions. *Id.* at 1497 (quoting *Shankles v. Costa Armatori, S.P.A.*, 722 F.2d 861, 865 (1st Cir. 1983)). Under this prong, the focus is not on whether the passenger actually read the contract, but rather on whether she had the opportunity to read it. *Id.* (quoting *Kendall v. Am. Hawaii Cruises*, 704 F. Supp. 1010, 1016

(D. Haw. 1989)).

In her affidavit, Hesterly states that she never received a ticket contract from Royal Caribbean prior to the cruise, that she never signed a ticket contract from Royal Caribbean at any time, and that she was never requested to sign the ticket contract or any other documentation prior to embarking the ship on January 8, 2006. Royal Caribbean, however, submitted to the Court a copy of Hesterly's signed cruise ticket and cruise ticket contract. In addition, Royal Caribbean provided the Court with documentation verifying the delivery of Hesterly's cruise ticket booklet to Great Southern Travel one month before the cruise. Thus, at some point prior to embarking, Hesterly had the cruise ticket and cruise ticket contract in her possession and had the opportunity to review the contract provisions.

Even assuming Hesterly never saw the cruise ticket booklet and only had possession of the cruise ticket and contract signature page, Hesterly was still put on notice of the existence of the cruise ticket contract. In the paragraph above Hesterly's signature on the cruise ticket contract, it reads, "It is important that you read all terms of the cruise ticket contract." The risk of not inquiring about and reading the contract thus falls on Hesterly. *See id.*

Based on the reasonable communicativeness test, Hesterly was properly notified of the existence of the ticket contract and had ample opportunity to review the contract provisions. Because the contract and its provisions were reasonably communicated to Hesterly, enforcement of the forum selection clause is not unreasonable.

B. Physical Impediments Limiting Enforcement of Forum Selection Clause

Hesterly further argues that the physical impediment she currently suffers should limit the enforceability of the forum selection clause.

6

Courts have held that the "serious inconvenience of the contractual forum to one or both of the parties might carry great[] weight in determining the reasonableness of the forum clause." *M/S Bremen*, 407 U.S. at 17. The party claiming the unfairness of the forum selection clause, however, bears a heavy burden of proof. *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 1526 (1991). Mere inconvenience to a party is insufficient to defeat an otherwise enforceable forum selection clause. *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 790 (8th Cir. 2006); *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 753 (8th Cir. 1999).

In this case, Hesterly argues that she has suffered tremendous physical and emotional pain as a result of her injury. She states that her physician has not cleared her to fly due to the pressure it creates on her leg, and that she has continuous physical therapy sessions and weekly doctor visits. Hesterly has also been granted two months of Social Security disability benefits as a result of her injury.

In support of her position that physical and financial impediments should be considered in determining whether to enforce a forum selection clause, Hesterly cites to *Walker v. Carnival Cruise Lines*, 107 F. Supp. 2d 1135 (N.D. Cal. 2000). There, the court concluded the forum selection clause at issue should not be enforced. The court based its conclusion, in part, on "the fact that plaintiffs' physical disabilities and economic constraints are so severe that, in combination, they would preclude plaintiffs from having their day in court." *Walker*, 107 F. Supp. 2d at 1138.

Here, Hesterly's asserted physical impediments do not rise to the level of the physical and financial obstacles faced by the plaintiffs in *Walker*. Hesterly has asserted no severe financial impediments, and while she has claimed physical impediments, there is nothing to

7

suggest her physical impediments are so severe as to preclude her from having her day in court. Consequently, the enforcement of the forum selection clause would not be unreasonable under the circumstances.

### C. Transfer or Dismissal of the Action

The language of 28 U.S.C. § 1406(a) authorizes the dismissal or the transfer of an action when a case has been filed in an improper venue. Typically, a transfer is preferred over the dismissal of an action in order to remove "whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962). Consequently, in light of a valid and enforceable forum selection clause and in the interest of justice, the instant case shall be transferred to the United States District Court for the Southern District of Florida. Because of the decision to transfer the action, the Court declines to address Royal Caribbean's 12(b)(6) motion to dismiss Hesterly's vicarious liability claim. This is an issue properly reserved for the transferee court.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss or Transfer (Doc. 7-1) is hereby **GRANTED**. It is hereby ORDERED that this case be transferred to the United States District Court for the Southern District of Florida.

**IT IS SO ORDERED.**

DATE:     October 16, 2006          */s/ Richard E. Dorr*
                                    RICHARD E. DORR, JUDGE
                                    UNITED STATES DISTRICT COURT

8